**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

**Case No: 00-CV-1399 ADM/AJB**

Siloflex Corporation,

Plaintiff,

vs.

**STIPULATION AND PROTECTIVE ORDER**

Klerk's Plastic Products Manufacturing, Inc.,

Defendant.

**WHEREAS,** the proceedings in this action may involve the production or disclosure of confidential business information, trade secrets, and other sensitive or proprietary information;

**IT IS HEREBY STIPULATED AND AGREED:** by, between and among the parties hereto and their attorneys, their respective employees, representatives and/or assigns, that any information and materials which a party, in good faith, designates as "confidential" and/or "attorney eyes only", in whole or in part, and which are to be disclosed or produced to another party in this action or which become a part of the record in this action, be subject to the following terms and conditions:

1. Such materials may include, but are no limited to, the following:

(a) Documents and other discovery material produced in response to any request for production of documents, or for any other reason;

(b) Answers to interrogatories or requests for admission;

MAY 03 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(c) Portions of transcripts of depositions or documents marked for identification in depositions;

(d) Motion papers, and attachments, including affidavits and any exhibits thereto;

(e) The information contained in any of the foregoing; and

(f) Stipulations.

It is specifically agreed that exhibits submitted in support of or in opposition to a party's motion for contempt are designated as confidential and are subject to this Stipulation.

2. The party shall so designate materials as confidential by stamping them or any transmittal letter or cover sheet "confidential - subject to protective order" and/or "for attorney eyes only - subject to protective order" at the time of disclosure. The producing party or party claiming confidentiality shall indicate that testimony or portions of testimony or exhibits are Confidential and subject to the protections provided by this Order by making a statement to that effect on the record at the deposition or hearing, or by notifying all of the parties, in writing, within fourteen (14) days after receiving the transcript, of the specific portions of the transcript or exhibits which shall be treated as Confidential.

3. Access to confidential materials, and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to confidential materials, is limited to counsel of record in this action, the employees of counsel of record actually assisting such counsel in preparation of this case, experts retained to assist counsel in this case and persons anticipated to be witnesses at trial (to the extent the identity of such person as a potential witness is made known to opposing counsel at least five (5) days prior to disclosure). Discovery material designated confidential may be disclosed to a deponent during the course of the deposition if the

attorney making such disclosure first advises the deponent pursuant to this order that deponent may not divulge such material to any other person and that the deponent agrees to such nondisclosure on the record. If the opposing party objects to the disclosure of its information designated confidential to the witness, it must move the court for an order preventing such disclosure within five (5) days after receiving notice that such disclosure will be made. No disclosure of the opposing parties designated confidential information shall be made to the witness until after the court decides the issue or it is resolved by agreement of the parties.

4. Any outside person or firm to whom confidential materials are to be disclosed (not including counsel of record and their respective employees as defined above) shall first be advised by counsel making the disclosure that, pursuant to this Stipulation, such person or firm may not divulge any such information to any other person. Counsel shall secure from each such person or firm a written statement (see attached exhibit A) that he/she understands, pursuant to this Stipulation, that such person or firm may not divulge any such information to any other person or firm, and that he/she further submits to this Court's jurisdiction for any appropriate proceeding in the event of any alleged violation of this Stipulation.

5. Any such confidential materials shall be used only for the purpose of prosecuting or defending this action.

6. The identity of any expert retained to assist counsel must be disclosed to opposing counsel five days prior to the disclosure to the expert of any information designated as confidential by the opposing party. If the opposing party objects to the disclosure of its information designated confidential to the expert, it must move the Court for an order preventing such disclosure within five days after receiving notice that such disclosure will be made. No disclosure of the opposing

party's designated confidential information shall be made to the expert until after the Court decides the issue or it is resolved by agreement of the parties.

7. At the conclusion of this action, counsel for each party will promptly furnish to counsel for the other party a letter which identifies the persons to whom confidential materials have been disclosed and the date of disclosure.

8. In the event that any confidential materials are in any way disclosed in any pleading, motion or other paper filed with the Court Administrator, such confidential materials shall be kept under seal by the Court Administrator until further order of the Court.

9. Access to "attorney eyes only" confidential materials, and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to said "attorney eyes only" materials, is limited to counsel of record in this action only. No disclosure of such designated materials shall be distributed, disseminate or transmitted in any form, medium or manner by the receiving party to any unauthorized third person or entity except pursuant to a written order of a court of competent jurisdiction or written agreement of the parties. The receiving party shall take all reasonable steps to hold and maintain said information bound and secure from potential unauthorized disclosure.

10. Within thirty (30) days after final determination of this action either by judgment or otherwise, all confidential and/or "attorney eyes only" materials produced, served, or otherwise made available by one party to another party during the course of this action together with all reproductions, copies, abstracts, indices or summaries of those produced, served or otherwise made the materials available, shall be returned to the producing party. The provisions of this Order, insofar as they restrict the communication and use of the Discovery Materials produce

hereunder or information obtained therefrom, shall continue to be binding after the conclusion of this lawsuit unless written permission of the producing party is first obtained.

11. Nothing in this Order shall be construed to prevent a party from seeking such further provisions and/or revisions regarding confidentiality as may be appropriate.

12. Nothing in this Order shall be construed to prevent a party to this action from opposing the designation of documents, testimony or other materials as "confidential" and/or "attorney eyes only" materials or from seeking a ruling from the Court that any such materials need not be treated as confidential.

13. Nothing in this Order shall be construed as a waiver or admission by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

14. Nothing in this order shall prevent any attorney of record from giving advice to his or her client regarding this lawsuit and communicating to the client his or her general evaluation of "Confidential" or "Confidential – Attorney's Eyes Only" information exchanged so long as the substance, nature and/or details of the information so designated is not divulged.

15. This Order shall remain in effect after the final determination of this action, unless otherwise ordered by the Court.

Dated this 2nd day of May, 2001.

**GIEBEL, GILBERT & KOHL, P.L.L.P.**

By: Kevin E. Giebel, #164112
**Attorneys for Plaintiff Siloflex Corporation**
Roseville Professional Center
2233 N. Hamline Ave., Suite 620
St. Paul, Minnesota 55113
(651) 633-9000

Dated this 2d day of My, 2001.

**LEONARD, STREET & DEINARD**

By: David R. Crosby, No. 237693
Attorneys for Defendant Klerk's Plastics Products Manufacturing, Inc.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
(612) 335-1627

**ORDER**

**IT IS HEREBY ORDERED** that the terms of the parties' Stipulation for Protective Order above, shall be complied with by the parties and all persons referenced therein according to its terms. Service of this order shall be effectual upon service by prepaid U.S. Mail to the respective counsel of record in this matter at their respective addresses noted above.

Dated: 5/3/01

**BY THE COURT:**

Arthur J. Boylan
United States Magistrate Judge

*Exhibit A*

I, ________________________________, hereby certify and acknowledge that I have read the Stipulation and Order for Protection in this matter dated __________________(the "Order") and understand same, that I, personally and/or on behalf of __________________________________ agree to strictly observe the terms and conditions of the Order, and to voluntarily submit to the Court's jurisdiction for any appropriate proceeding in the event of any alleged violation of this Stipulation.

Dated this _____ day of ____________, 200__.

____________________________________
By: _________________________________
Its: _________________________________

Subscribed and sworn to before me
this ___ day of __________, 200_.

_____________________________
Notary Public

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.